MATTHEW J. HAFEY (SBN 167122)
*mhafey@nemecek-cole.com*
D. VICTORIA LaBRIE (SBN 162999)
*vlabrie@nemecek-cole.com*
**NEMECEK & COLE**
A Professional Corporation
16255 Ventura Boulevard, Suite 300
Encino, California 91436
Tel:  (818)788-9500 / Fax:  (818) 501-0328

Attorneys for Plaintiff
KINSALE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINSALE INSURANCE COMPANY, an Arkansas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>O'GARA COACH COMPANY, LLC, a California limited liability company; THOMAS MICHAEL O'GARA, an individual; RICH LASKI, an individual; DARREN MICHAEL RICHIE, an individual<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff KINSALE INSURANCE COMPANY ("KINSALE") for its Complaint against the above-named Defendants, upon knowledge, information and belief, alleges as follows:

1.    This is an action by KINSALE pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding its rights and obligations under Management Liability Policy Number 0100047239-0, which was written on a "Claims Made and Reported" form with effective dates of 02/01/2017 to

**1**
**COMPLAINT**

02/01/2018, with limits of $1,000,000 per Claim and a $50,000 per Claim deductible (the "POLICY"), a copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference (redacted to eliminate sensitive financial and rating information). In this action, KINSALE seeks a determination that no coverage is available under the POLICY for the claims identified below.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in that the underlying action involves claims exceeding $1,000,000 and defense fees and costs in excess of $75,000.  An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

3.     Venue is proper pursuant to 28 U.S.C. § 1391, in that a substantial part of events giving rise to this action occurred in this district and Defendants in this action reside in this district.

## PARTIES

4.     At all relevant times herein, KINSALE was a corporation organized under the laws of the State of Arkansas whose principal place of business is located in Richmond, Virginia. KINSALE is an insurance company authorized to transact business in California on a non-admitted basis as an Excess and Surplus Lines carrier.

5.     KINSALE is informed and believes and thereon alleges that Defendant O'GARA COACH COMPANY, LLC ("O'GARA") is a limited liability company organized and existing under the laws of the State of California whose principal place of business is located in Beverly Hills, California.  KINSALE is informed and believes that all of the members of O'GARA are citizens of the State of California. O'GARA is described as an automotive new car dealership.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

6. KINSALE is informed and believes and thereon alleges that Defendant Thomas Michael O'Gara ("T. O'GARA") was and at all relevant times is an individual whose permanent residence is located in Los Angeles County, California. KINSALE is informed and believes and thereon alleges that T. O'GARA is a citizen of the State of California. T. O'GARA is an owner of O'GARA.

7. KINSALE is informed and believes and thereon alleges that Defendant Rich Laski ("LASKI") was and at all relevant times is an individual whose permanent residence is located in Los Angeles County, California. KINSALE is informed and believes and thereon alleges that LASKI is a citizen of the State of California. LASKI was a consultant for O'GARA.

8. KINSALE is informed and believes and thereon alleges that Defendant Darren Michael Richie ("RICHIE") was and at all relevant times is an individual whose permanent residence is located in Los Angeles County, California. KINSALE is informed and believes and thereon alleges that RICHIE is a citizen of the State of California. RICHIE is the Cross-complainant in an underlying lawsuit entitled *O'Gara Coach Company LLC v. Darren Michael Richie et al.*, Los Angeles County Superior Court Case No. BC683108 (the "*O'Gara* Action"). The Cross-complaint in the *O'Gara* Action is referred to as the "*Richie* Cross-complaint."

## FACTUAL ALLEGATIONS

9. O'GARA is a luxury automobile dealer in Beverly Hills, California. From 2013 to early 2016, RICHIE was employed by O'GARA. According to the First Amended Complaint in the *O'Gara* Action, among other things:

a. RICHIE's last position with O'GARA (in approximately February, 2016) was as its President and Chief Operating Officer;

b. At the conclusion of his employment with O'GARA, Richie executed a "Severance Agreement and Release of Claims" in which he "released any and all claims he may have had against [O'GARA]";

**3**
**COMPLAINT**

c.   RICHIE's termination from O'GARA was not voluntary, as he "was informed on or about February 1, 2016 that his employment with [O'GARA] was ending" and that RICHIE had used confidential information obtained from O'GARA "since his termination from [O'GARA]"; and

d.   The Severance Agreement was executed by RICHIE on February 11, 2016  exchange for $148,600 in "Severance Consideration."

FAC in *O'Gara* Action ¶¶ 2-4, 30, 47, 51.

10.   In May, 2017 RICHIE's attorneys authored a letter addressed to O'GARA in which RICHIE described certain conduct by O'GARA or its agents during and after RICHIE's employment with O'GARA (the "MAY 2017 LETTER").  KINSALE is informed and believes that, pursuant to the SEVERANCE AGREEMENT, RICHIE had expressly released O'GARA and its officers, directors, members, owners, agents, servants and employees from any claims relating to conduct occurring during RICHIE's employment with O'GARA.

11.   On or about May 15, 2017, O'GARA submitted the MAY 2017 LETTER to KINSALE as notice of a "Claim" under the POLICY.  The MAY 2017 LETTER expressly referred to the SEVERANCE AGREEMENT in which RICHIE had released any claims he may have had against O'GARA through the date of his termination.  The MAY 2017 LETTER alleged that O'GARA or its agents had defamed RICHIE, had violated RICHIE's right to privacy, had painted RICHIE in a false light, and threatened to file a complaint "including causes of action for defamation, violations of Cal. Labor Code § 1050, and unfair business practices." The MAY 2017 LETTER demanded that O'GARA or its agents pay $14,000,000 "in actual and punitive damages," that they cease and desist further defamatory conduct, that they provide a written declaration that RICHIE did not steal money from O'GARA, and that they provide a written apology to RICHIE, all based on conduct which occurred post-termination (and therefore had not been released by the SEVERANCE AGREEMENT).

**4**
**COMPLAINT**

NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

12.    KINSALE denied coverage to O'GARA for the allegations in the MAY 2017 LETTER because, among other things, the MAY 2017 LETTER did not describe a "Claim" for an "Employment practices wrongful act," defined in the POLICY as:

1.    Violation of any federal, state, local or common law, prohibiting any kind of employment-related discrimination;

2.    Harassment, including any type of sexual or gender harassment as well as racial, religious, sexual orientation, pregnancy, disability, age, or national origin-based harassment and including workplace harassment by nonemployees;

3.    Abusive or hostile work environment;

4.    Wrongful discharge or termination of employment, whether actual or constructive;

5.    Breach of an implied or written employment contract or of promissory estoppels as long as another "employment practices wrongful act" is also alleged;

6.    Wrongful failure or refusal to hire or promote, or wrongful demotion;

7.    Wrongful failure or refusal to provide equal treatment or opportunities;

8.    Employment termination, disciplinary action, demotion or other employment decision that violates public policy or the Family Medical Leave Act or similar state or local law;

9.    Wrongful failure or refusal to adopt or enforce adequate workplace or employment practices, policies or procedures;

10.    Wrongful, excessive or unfair discipline;

11.    Negligent infliction of emotional distress, mental anguish, or humiliation;

NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

**5**
**COMPLAINT**

12. Retaliation, including retaliation for exercising protected rights, supporting in any way another's exercise of protected rights, or threatening or actually reporting wrongful activity of an "insured" such as violation of any federal, state, or local "whistle blower" law;

13. Wrongful deprivation of career opportunity, negligent evaluation or failure to grant tenure;

14. Violation of the Uniformed Services Employment and Reemployment Rights Act; or

15. Negligent hiring or negligent supervision of others, including wrongful failure to provide adequate training, in connection with 1. through 14. above;

but only if the "employment practices wrongful act" is committed by an "insured" and directed against a "organization's" past, present, or future "employee", or an applicant for employment."

13. O'GARA did not provide any argument or rebuttal to KINSALE's written disclaimer, which was sent on or about June 2, 2017. A true and correct copy of the disclaimer letter is attached as Exhibit "B" and incorporated herein by this reference.

14. Among other things, the June 2, 2017 disclaimer letter also specifically warned O'GARA that pursuant to Insuring Agreement 2.e, the POLICY applies only if "[t]he 'claim' is first made against the 'insured' during this 'policy period' and is reported to us in writing during this 'policy period', or within an Extended Reporting Period, if applicable."

15. On November 13, 2017, O'GARA filed the *O'Gara* Action. In response, on December 22, 2017 RICHIE filed the *Richie* Cross-complaint against O'GARA, T. O'GARA and LASKI, among others. The *Richie* Cross-complaint alleges claims for (1) Common Law Wrongful Termination; (2) Negligence; (3)

**6**

**COMPLAINT**

Fraud; (4) Fraud; (5) Breach of Contract; (6) Defamation; and (7) Intentional Infliction of Emotional Distress.

16.     Counsel for O'GARA actually received a copy of the *Richie* Cross-complaint prior to February 1, 2018.  However, no one tendered the *Richie* Cross-complaint in writing to KINSALE prior to February 1, 2018 as required pursuant to Insuring Agreement 2.e.  On October 16, 2018, Zyndi Bell, an insurance broker for O'GARA, emailed a copy of the *Richie* Cross-complaint to KINSALE, more than eight months after the POLICY expired.  This email was the first notice given to KINSALE of the *Richie* Cross-complaint.

17.     In a letter dated November 14, 2018, KINSALE provided written notice of its disclaimer of coverage for the *Richie* Cross-complaint to O'GARA.  A true and correct copy of that letter is attached as Exhibit "C" and incorporated herein by this reference.

18.     On or about February 11, 2019, O'GARA provided a rebuttal to KINSALE's coverage position and requested KINSALE to provide a defense to O'GARA for the *Richie* Cross-complaint.  KINSALE responded that it would provide a defense to O'GARA, T. O'GARA and LASKI subject to a reservation of rights.  Among the rights reserved were the right to seek a declaration from a court of competent jurisdiction that KINSALE never had a duty to defend the *Richie* Cross-complaint, that O'GARA had breached a material warranty in the Application for the POLICY by not disclosing the SEVERANCE AGREEMENT or the fact that the President and Chief Operating Officer had been terminated by O'GARA in the twelve months preceding the effective date of the POLICY, and that KINSALE has a right to seek reimbursement of any attorney's fees and costs it expends defending O'GARA or its agents against the *Richie* Cross-complaint.

19.     By its Complaint herein, KINSALE intends only to adjudicate its duty to defend, and reserves the right to seek Declaratory Relief as to its duty to indemnify in a separate action (or by seeking leave to amend at a later date).

NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

Case 2:19-cv-01380-R-SS   Document 1   Filed 02/25/19   Page 8 of 16   Page ID #:8

**First Claim for Relief**

**Declaratory Relief – Duty to Defend (Application of Policy Terms)**

20. KINSALE repeats and incorporates by reference the allegations in paragraphs 1 through 19 of this Complaint.

21. A true and present controversy exists between KINSALE, on the one hand, and Defendants on the other, in that KINSALE contends that it has no duty to defend the *Richie* Cross-complaint due to the application of the terms, conditions, exclusions and endorsements of the KINSALE POLICY as set forth above and upon such additional terms, conditions, exclusions and endorsements as may be proven at trial. KINSALE is informed and believes that Defendants contend otherwise.

22. Among other things, KINSALE contends that the MAY 17, 2017 LETTER does not satisfy the Insuring Agreement because it does not allege "'loss' in excess of the Deductible that the 'insured' is obligated to pay for a 'claim' for a 'wrongful act'" as those terms are defined in the POLICY.

23. KINSALE contends that the *Richie* Cross-complaint does not satisfy the Insuring Agreement because

    a. it does not allege "'loss' in excess of the Deductible that the 'insured' is obligated to pay for a 'claim' for a 'wrongful act'" as those terms are defined in the POLICY;

    b. to the extent Defendants assert that the *Richie* Cross-complaint asserts a "wrongful employment act," such acts must be "directed against a 'organization's' past, present, or future 'employee.' RICHIE, as an "executive," does not fall within the class of an ordinary "employee" as those terms are defined in the POLICY.

24. To the extent that the *Richie* Cross-complaint could be construed to allege a "Claim" which might otherwise be covered by the POLICY, there is no coverage because the *Richie* Cross-complaint was not reported to KINSALE until October 16, 2018, after the expiration of the POLICY, and therefore does not satisfy

NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

**8**
**COMPLAINT**

Insuring Agreement 2.e which requires the "Claim" to be "first made against the 'insured' during this 'policy period'" and "reported to [KINSALE] in writing during this 'policy period', or within an Extended Reporting Period, if applicable." There is no "awareness clause" in the POLICY which would relate the "Claim" (if any) made in the *Richie* Cross-complaint back to the MAY 17, 2017 LETTER, which is the only notice that KINSALE received in writing during the POLICY period.

25.    KINSALE is informed and believes and thereon alleges that there are additional terms, conditions, exclusions and endorsements of the POLICY which apply to preclude coverage, and reserves the right to seek amendment of this Complaint to allege the same.

26.    A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the POLICY.

27.    Upon such determination, KINSALE is entitled to withdraw from the defense of the *Richie* Cross-complaint and a declaration of no coverage for Defendants herein under the POLICY.

## Second Claim for Relief

### Declaratory Relief – No Duty to Defend Due to Breach of Warranty

28.    KINSALE repeats and incorporates by reference the allegations in paragraphs 1 through 19 of this Complaint.

29.    On or about January 30, 2017, O'GARA submitted an Application for the Policy, which asked, among other things:

EMPLOYEES (including Subsidiary employee information on a separate sheet)

* * *

9.    In the past 12 months, how many officers have left your employ?

[Answer – 0].

Of the above, how many were terminated?

[Answer – 0]

**9**

**COMPLAINT**

A redacted copy of relevant parts of the Application is attached as Exhibit "D" and incorporated by this reference.

30.    Pursuant to the terms, conditions, exclusions and endorsements of the POLICY and the Application, the Application is attached to and incorporated by reference in the POLICY.  By answering "0" to Question 9 in the "EMPLOYEES" section of the Application for the POLICY, O'GARA made an affirmative warranty to KINSALE to the effect that no officers of O'GARA had left O'GARA's employ in the twelve months preceding the date of the Application (January 30, 2017), and that none of O'GARA's officers were terminated from their employment during that same period.

31.    These affirmative warranties were not true.  In O'GARA's First Amended Complaint in the *O'Gara* Action, O'GARA admits that RICHIE was terminated from his employment with O'GARA on or about February 11, 2016 and at the time of his termination he was President and Chief Operating Officer of O'GARA.

32.    KINSALE issued the POLICY in reliance on the truth of the affirmative warranties in the Application for the POLICY, which were material to the risk accepted by KINSALE.  Had KINSALE known the true answer to Question 9 (that RICHIE was President and the Chief Operating Officer of O'GARA and was terminated or otherwise left O'GARA's employ within twelve months of January 30, 2017), KINSALE either (a) would have written the POLICY with a specific exclusion precluding coverage for any "Claim" for "Loss" based upon, arising out of, or in any way involving RICHIE or arising out of RICHIE's employment; (b) would have written the POLICY with a higher premium; (c) would have written the POLICY with different terms, conditions, exclusions and endorsements; (d) would have written the POLICY with a combination of items (a) through (c); or (e) would not have written the POLICY at all.

33. A true and correct controversy exists between KINSALE, on the one hand, and Defendants on the other, in that KINSALE contends that as a result of O'GARA's breach of a material affirmative warranty in the Application for the POLICY, no coverage attaches to any "Claim" arising out of the risk affected thereby – *e.g.* any "Claim" arising out of or related to RICHIE, RICHIE's employment by O'GARA, or any post-employment conduct by O'GARA or its agents which refers to, reflects or relates to RICHIE in any manner. KINSALE is informed and believes that Defendants contend otherwise.

34. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the POLICY.

35. Upon such determination, KINSALE is entitled to withdraw from the defense of the *Richie* Cross-complaint and a declaration of no coverage for Defendants herein under the POLICY.

## Third Claim for Relief

### Declaratory Relief – No Duty to Defend Due to Material Misrepresentation on Application

36. KINSALE repeats and incorporates by reference the allegations in paragraphs 1 through 19 and 28 through 35, inclusive of this Complaint.

37. Pursuant to the terms, conditions, exclusions and endorsements of the POLICY and the Application, representations in the Application constitute material representations of fact. By answering "0" in response to Question 9, O'GARA concealed information from KINSALE which was material to the risk, and especially with regard to any potential "Claim" that might later be made by RICHIE against O'GARA.

38. The answers to Question 9 were not true. In O'GARA's First Amended Complaint in the *O'Gara* Action, O'GARA admits that RICHIE was terminated from his employment with O'GARA on or about February 11, 2016 and

at the time of his termination he was President and Chief Operating Officer of O'GARA.

39.    KINSALE issued the POLICY in reliance on the truth of the affirmative warranties in the Application for the POLICY, which were material to the risk accepted by KINSALE.  Had KINSALE known the true answer to Question 9 (that RICHIE was President and the Chief Operating Officer of O'GARA and was terminated or otherwise left O'GARA's employ within twelve months of January 30, 2017), KINSALE either (a) would have written the POLICY with a specific exclusion precluding coverage for any "Claim" for "Loss" based upon, arising out of, or in any way involving RICHIE or arising out of RICHIE's employment; (b) would have written the POLICY with a higher premium; (c) would have written the POLICY with different terms, conditions, exclusions and endorsements; (d) would have written the POLICY with a combination of items (a) through (c); or (e) would not have written the POLICY at all.

40.    A true and correct controversy exists between KINSALE, on the one hand, and Defendants on the other, in that KINSALE contends that as a result of O'GARA's material misrepresentations and/or omissions on the Application for the POLICY, KINSALE was induced to issue the POLICY on terms not acceptable to KINSALE.  O'GARA's misrepresentations and/or omissions on the Application entitle KINSALE to assert that no coverage attaches to any "Claim" arising out of the risk affected thereby – *e.g.* any "Claim" arising out of or related to RICHIE, RICHIE's employment by O'GARA, or any post-employment conduct by O'GARA or its agents which refers to, reflects or relates to RICHIE in any manner. KINSALE is informed and believes that Defendants contend otherwise.

41.    A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the POLICY.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

**12**
**COMPLAINT**

42.    Upon such determination, KINSALE is entitled to withdraw from the defense of the *Richie* Cross-complaint and a declaration of no coverage for Defendants herein under the POLICY.

## Fourth Claim for Relief

## Declaratory Relief – Reimbursement

43.    KINSALE repeats and incorporates by reference the allegations in paragraphs 1 through 42 of this Complaint.

44.    A true and present controversy exists between KINSALE, on the one hand, and Defendants on the other, in that KINSALE contends that upon the Court's determination of the issue of whether KINSALE ever had a duty to defend the *O'Gara* Action, KINSALE also has a right to reimbursement of the attorney's fees and costs it expended in defense of the *O'Gara* Action for all payments made by KINSALE on or after its reservation of rights letter giving notice of the same, regardless of the date such professional services were rendered.  KINSALE is informed and believes that Defendants contend otherwise.

45.    A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the POLICY.

46.    Upon such determination, KINSALE contends that it is entitled to recover from O'GARA, T. O'GARA and/or LASKI those attorney's fees and costs it expended in defense of the *O'Gara* Action.

WHEREFORE, Plaintiff KINSALE requests that the Court enter judgment in its favor:

**ON THE FIRST CLAIM FOR RELIEF**

A.    A judicial declaration that there is no potential for coverage for the O'Gara Action under the POLICY, and therefore that KINSALE does not and never did have a duty to defend O'GARA, T. O'GARA and/or LASKI with regard to the *Richie* Cross-complaint;

NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

B.      A judicial declaration that KINSALE is entitled to withdraw from the defense of the *Richie* Cross-complaint on behalf of all of its Insureds;

C.      A judicial declaration that there is no potential for coverage for any KINSALE Insured for the *Richie* Cross-complaint.

**ON THE SECOND CLAIM FOR RELIEF**

D.      A judicial declaration that due to O'GARA's material breach of warranties made in the Application, there is no potential for coverage for the *Richie* Cross-complaint under the POLICY for O'GARA, T. O'GARA and/or LASKI, and therefore that KINSALE does not and never did have a duty to defend with regard to the *Richie* Cross-complaint;

E.      A judicial declaration that KINSALE is entitled to withdraw from the defense of the *Richie* Cross-complaint on behalf of all of its Insureds;

F.      A judicial declaration that there is no potential for coverage for any KINSALE Insured for the *Richie* Cross-complaint.

**ON THE THIRD CLAIM FOR RELIEF**

G.      A judicial declaration that due to O'GARA's material misrepresentations or omissions in the Application, there is no potential for coverage for the *Richie* Cross-complaint under the POLICY, and therefore that KINSALE does not and never did have a duty to defend with regard to the *Richie* Cross-complaint;

H.      A judicial declaration that KINSALE is entitled to withdraw from the defense of the *Richie* Cross-complaint on behalf of all of its Insureds;

I.      A judicial declaration that there is no potential for coverage for any KINSALE Insured for the *Richie* Cross-complaint;

**ON THE FOURTH CLAIM FOR RELIEF**

J.      A judicial declaration that KINSALE has a right to reimbursement of the attorney's fees and costs it expended in defense of O'GARA, T. O'GARA and/or LASKI with regard to the *Richie* Cross-complaint for all payments made by

NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

**14**
**COMPLAINT**

KINSALE on or after its reservation of rights, regardless of the date such professional services were rendered.

**ON ALL CLAIMS FOR RELIEF**

     K.     For interest and other recoverable costs;

     L.     Awarding KINSALE such additional declaratory and other relief as shall be found to be appropriate under the circumstances.

Dated:  February 25, 2019         NEMECEK & COLE

By: _____
            Matthew J. Hafey
            Attorneys for Plaintiff
            KINSALE INSURANCE COMPANY

NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

**15**

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff KINSALE INSURANCE COMPANY hereby demands a jury trial.

Dated:  February 25, 2019        NEMECEK & COLE

By: _____
        Matthew J. Hafey
        Attorneys for Plaintiff
        KINSALE INSURANCE COMPANY

NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

**16**

**COMPLAINT**