JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01380-R-SS | Date | 07-12-2019 |
|---|---|---|---|
| Title | ***Kinsale Insurance Co. v. O'Gara Coach Co., LLC; et al.*** | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Christine Chung | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) Order re: Defendants' Motion to Dismiss (DE 25)**

## I.    INTRODUCTION

This is an insurance coverage action which seeks to adjudicate Plaintiff Kinsale Insurance Company's ("Plaintiff" or "Kinsale") duty to defend the cross-complaint filed by Darren Michael Richie ("Richie") in an underlying lawsuit by Defendant O'Gara Coach Company, LLC ("Defendant" or "O'Gara") (*O'Gara Coach Company, LLC v. Darren Michael Richie et al.*, Los Angeles County Superior Court Case No. BC 683108 (the "O'Gara Action"). The operative First Amended Complaint ("FAC") in the O'Gara Action asserts that Richie was the President and Chief Operating Officer of O'Gara Coach Company, a luxury car dealership in Beverly Hills. Richie was terminated by O'Gara in February 2016 and was paid a $148,000 severance.

After being terminated, Richie threatened to file a wrongful termination claim. O'Gara sought coverage under Kinsale's Management Liability Policy, a policy that provides Employment Practices Liability Coverage. Kinsale denied the claim. In the O'Gara FAC, O'Gara accuses Richie of certain post-employment conduct which violated his severance agreement, including misappropriation of trade secrets, conversion, fraud, negligent misrepresentation, and unfair competition. Richie filed a cross-complaint on December 22, 2017, and O'Gara again requested that Kinsale acknowledge its duty to defend. Again, Kinsale denied the claim. It was not until O'Gara's counsel pushed back on Kinsale's denials that Kinsale finally acknowledged its duty to defend O'Gara, Thomas Michael O'Gara, and Rich Laski ("O'Gara Defendants") against the cross-complaint. However, at the same time, Kinsale filed the complaint in the instant case seeking declaratory relief, forcing the O'Gara Defendants to both defend the cross-complaint and defend the instant lawsuit simultaneously.

Presently before the Court is Defendants' Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court **GRANTS** the Defendants' Motion to Dismiss.

## II.    JUDICIAL STANDARD

A motion to dismiss under Rule 12(b)(1) may be "facial" or "factual." *See Safe Air for Everyone*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01380-R-SS | Date | 07-12-2019 |
|---|---|---|---|
| Title | ***Kinsale Insurance Co. v. O'Gara Coach Co., LLC; et al.*** | | |

*v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* The court must assume the factual allegations in the complaint are true and construe them in the light most favorable to the plaintiff. *See Warren v. Fox Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). However, the court need not accept as true legal conclusions pled as factual allegations. *Id.* A Rule 12(b)(1) motion will be granted if, on its face, the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a). *See id.*

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III.   DISCUSSION

Defendants contend that the Court lacks subject matter jurisdiction over Plaintiff's claim, and that even if subject matter jurisdiction exists, Plaintiff fails to plausibly plead a claim upon which relief can be granted.

### A.  Rule 12(b)(1)

Jurisdiction founded on diversity grounds requires that the parties be in complete diversity and that the amount in controversy exceed $75,000.00. 28 U.S.C. § 1332. Plaintiff bears the burden of alleging, "with sufficient particularity the facts creating jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938). If it is not "facially evident from the complaint that more than $75,000 [was] in controversy" a preponderance of evidence must be used to demonstrate that the jurisdictional threshold is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The Ninth Circuit has repeatedly required insurers to prove, by a preponderance of evidence, that the amount in controversy in a coverage action reaches the threshold. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

Plaintiff has pled that "the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, in that the underlying action involves claims exceeding $1,000,000 and defense fees and costs in excess of $75,000." However, Plaintiff first acknowledged its duty to defend on February 25, 2019, the day it filed its complaint. Plaintiff has failed to specify with any certainty in the FAC that defense costs and fees will exceed $75,000, or that the overall amount in controversy is $1,000,000. Rather, Plaintiff appears to be relying on the total potential indemnity afforded by the Policy, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01380-R-SS | Date | 07-12-2019 |
|---|---|---|---|
| Title | ***Kinsale Insurance Co. v. O'Gara Coach Co., LLC; et al.*** | | |

indemnity is not an issue in this suit. Plaintiff argues that district courts in California have determined that an insurer seeking to adjudicate the duty to defend may establish the amount in controversy by stating that it anticipates the cost to defend will exceed $75,000 so long as at the time the complaint was filed at least some defense costs were incurred by the insured and payable by the insurer. *Travelers Indem. Co. of Conn. v. Centex Homes*, 2014 WL 2002320, at *4 (E.D. Cal., May 15, 2014). However, in *Travelers*, the district court dismissed the complaint because no defense costs had been incurred at the point coverage was extended and thus, the court lacked subject matter jurisdiction. The same is true here. At the time Plaintiff acknowledged its duty to defend and filed this lawsuit, Plaintiff had not incurred any defense fees or costs. Plaintiff fails to provide evidence pleading how it expects the amount in controversy to exceed $75,000, and rather only makes a conclusory statement. Such conclusory statements without more are insufficient to establish diversity jurisdiction. Therefore, Kinsale's FAC should be dismissed pursuant to Rule 12(b)(1).

### B. **Rule 12(b)(6)**

After reviewing the record, the Court finds that Defendants' contentions regarding subject matter jurisdiction are viable challenges to Plaintiff's claim. As a result, the Court lacks subject matter jurisdiction and need not delve into the merits of the claims.

## IV. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss. Plaintiff's action is hereby **dismissed**.

**IT IS SO ORDERED.**

0   :   00

Initials of Preparer                                  cch